```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Marcus Ramos,

    Plaintiff,

    v.                            Case No. 2:15-cv-2930

Franklin County Children
Services,

    Defendant.

## OPINION AND ORDER

This is a _pro se_ action filed on October 22, 2015, by plaintiff Marcus Ramos against defendant Franklin County Children Services ("FCCS"). In his statement of claim, plaintiff alleges that one year prior to the filing of the complaint, FCCS came to Grant Hospital to take custody of a newborn without a document from the Franklin County Juvenile Court authorizing this action. Plaintiff further states that he "is wanting to press Federal Kidnapping Charges against FCCS." In the section describing the relief sought, plaintiff states, "I want a case made out on Franklin County Children Services." Doc. 3, pp. 3-4.

On November 17, 2015, FCCS filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) for lack of subject-matter jurisdiction and for failure to state a claim for relief. On November 20, 2015, plaintiff filed a document entitled "MOTION TO STAY OF MARCUS RAMOS." Despite the title, that document appears to be a response to the motion to dismiss; the "stay" referred to is to stay dismissal and permit the case to proceed to trial. On November 30, 2015, plaintiff filed a document entitled "MOTION FOR ORDER OF STAY AWAY OF MARCUS RAMOS" in which he requests injunctive relief in the form of an order directing FCCS to stay away from

"Lametra Phillips" and "Newborn Child."  This matter is now before the court on the pending motions.

Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. <u>DXL, Inc. v. Kentucky</u>, 381 F.3d 511, 516 (6th Cir. 2004); <u>Moir v. Greater Cleveland Regional Transit Auth.</u>, 895 F.2d 266, 269 (6th Cir. 1990).  In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Bishop v. Lucent Technologies, Inc.</u>, 520 F.3d 516, 519 (6th Cir. 2008); <u>Harbin-Bey v. Rutter</u>, 420 F.3d 571, 575 (6th Cir. 2005).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."  <u>Mezibov v. Allen</u>, 411 F.3d 712, 716 (6th Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  <u>Id.</u>

The only stated purpose of the complaint is securing the filing of criminal charges against FCCS.  There is no right to bring a private cause of action under a federal criminal statute. <u>See</u> <u>AirTrans, Inc. v. Mead</u>, 389 F.3d 594, 598 (6th Cir. 2004); <u>Hamilton v. Reed</u>, 29 F. App'x 202, 203 (6th Cir. 2002).  Plaintiff cannot compel the filing of criminal charges by filing a civil action.  The authority to conduct criminal proceedings is delegated

to the Attorney General or other officer of the Department of Justice. 28 U.S.C. §515. The conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice. 28 U.S.C. §516.

In his response to the motion to dismiss, plaintiff summarily states that he did not fail to provide a basis for subject-matter jurisdiction or to state a claim. Doc. 8, p. 2. He states that he has the right to file federal kidnapping charges against FCCS "until a prosecutor files an [sic] response back to the case opening up in [f]ederal [c]ourt" and that the conduct of FCCS falls under the federal kidnapping charges. He moves the court to permit the case to go to trial "and let a jury decide what happens to this case." Doc. 8, p. 3. Plaintiff has failed to meet his burden of identifying a basis for this court's exercise of subject-matter jurisdiction. This court has no jurisdiction over an action seeking to compel the Attorney General to file criminal charges against FCCS, and the complaint fails to state a claim for which relief may be granted.

The motion to dismiss (Doc. 7) is granted. Plaintiff's motion to stay (Doc. 8) is denied. The motion for an "ORDER OF STAY AWAY" (Doc. 9) is denied as moot.

Date: February 18, 2016         s/James L. Graham
                                James L. Graham
                                United States District Judge

3